

FILED
FEB 26 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| JEFFREY W. PROVANCIAL, | * | CIV 13-3009-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING GOVERNMENT'S |
| | * | MOTION TO DISMISS AND |
| UNITED STATES OF AMERICA, | * | DENYING § 2255 MOTION |
| | * | |
| Defendant. | * | |

Petitioner Jeffrey W. Provancial ("Provancial") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. CIV Doc. 1.[1] Provancial is in federal custody having pleaded guilty to a sexual abuse count and having been sentenced to 108 months in the custody of the Bureau of Prisons on that conviction. CR Doc. 34.[2] Provancial appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which affirmed this Court's sentence. United States vs. Provancial, 438 F. App'x 529 (8th Cir. 2011) (per curiam). Provancial's § 2255 motion raised two grounds: (1) ineffective assistance of counsel based on the contention that Provancial's guilty plea was "tendered in an unknowing and involuntary manner, because his attorney failed to fully investigate the case before advising him to plead guilty"; and (2) insufficient factual basis for his plea in that allegedly no finding was made that Provancial knew that the victim of his offense was incapacitated at the time of the sexual abuse. CIV Doc. 1 at

---

[1] To cite pleadings in this case—CIV 13-3009-RAL—this Opinion and Order uses "CIV Doc." followed by the Case Management/Electronic Case Filing ("CM/ECF") document number.

[2] When this Opinion and Order cites to documents from the underlying criminal case, CR 10-30056-RAL, "CR Doc." will be used followed by the CM/ECF document number. This Court takes judicial notice under Rule 201 of the Federal Rules of Evidence of the entire file in CR 10-30056-RAL.

4-5. This Court screened Provancial's petition and ordered that the United States attorney file an answer. CIV Doc. 5.

The United States filed a motion for an order directing an affidavit response, CIV Doc. 6, which this Court granted. CIV Doc. 8. Provancial executed an attorney-client privilege waiver. CIV Doc. 9. The Government then filed its motion to dismiss. CIV Doc. 13. After a month had elapsed without Provancial responding, this Court entered an order directing petitioner to reply giving him an additional month to submit his reply. CIV Doc. 14. Provancial filed his reply a few days beyond the deadline to do so, CIV Doc. 15, but this Court has considered Provancial's reply as if timely filed in evaluating whether Provancial is entitled to relief and whether the Government is entitled to dismissal.

## I.  Summary of Facts

On July 13, 2010, Provancial was indicted on one count of aggravated sexual abuse by force and one count of sexual abuse. CR Doc. 3. Provancial originally pleaded not guilty and was appointed counsel Randall Briggs Turner from the Federal Public Defender's Office. CR Doc. 9; CR Doc. 10.

On November 16, 2010, Provancial entered into a plea agreement with the Government under which he was to plead guilty to the second count for sexual abuse with the greater offense contained in Count I of aggravated sexual abuse being dismissed. CR Doc. 23. Provancial signed a factual basis statement setting forth the following:

> On or about April 11, 2010, in Todd County, in Indian country, in the District of South Dakota, Jeffrey W. Provancial, an Indian, did knowingly engage in and attempt to engage in a sexual act, that is, contact between his penis and the vulva of [the victim], who at the time was incapable of appraising the nature of the conduct and was physically incapable of declining

> participation in and communicating unwillingness to engage in the sexual act.
>
> On April 10, 2010, 17-year-old [victim] was drinking with friends. The next morning she went to Jeffrey W. Provancial's residence to drink with Provancial and Brent Good Shield. She drank with them for most of the night, going to bed "after daylight." [The victim] started to wake later on April 11, and noticed someone had taken her clothes off. She noticed that the defendant had gotten on top of her and told her to be quiet. At that time, the defendant had his penis inside her vagina.
>
> When interviewed, the defendant stated that Good Shield and [the victim] arrived at his residence to drink. Good Shield later left the residence. The defendant went to his room and saw [the victim] passed out and naked on his bed. He tried to wake her, but he could not. He informed the interviewing agent that then "something just happened." The defendant stated that he pulled down his pants, got on top of [the victim] while she was passed out, and put his penis in her vagina. He said that when he did that, she woke up. He stated that [the victim] did not tell him to stop, and he only stopped because his condom broke. The defendant provided a handwritten statement, admitting that he had sex with [the victim], without her consent, while she was passed out. The defendant stated he was sorry for what he did and wishes he had never done a thing.

CR Doc. 25. The factual basis statement also acknowledged that Provancial is an "Indian" and that the offense took place in "Indian country." CR Doc. 25.

On November 24, 2010, this Court conducted a change of plea hearing in Provancial's case. CR Doc. 29; CR Doc. 46. Provancial took an oath to tell the truth at that hearing before this Court asked any questions of him and confirmed that he understood his obligation to answer questions of the Court truthfully. CR Doc. 46 at 3. After initial questioning, this Court determined that Provancial was competent to go forward with the proposed change of plea. CR Doc. 46 at 5. During those initial questions, the following exchange occurred:

> THE COURT: Are you fully satisfied with the counsel, representation and advice given to you by Mr. Turner?
> THE DEFENDANT: Yes, I am.

3

CR Doc. 46 at 4-5.

The Court advised Provancial about the offense to which he was proposing to plead guilty, including advising Provancial of the possible penalties he faced, rights that he had to a jury trial which he would be giving up, and the sentencing process. CR Doc. 46. After determining that Provancial had voluntarily signed the plea agreement, the Court asked Provancial the following questions:

> THE COURT: Next, the Court wants to ask you about the factual basis statement. Do you have that in front of you?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you carefully read and understand the factual basis statement?
> THE DEFENDANT: Yes.
> THE COURT: Did you go over the factual basis statement with your attorney before signing it?
> THE DEFENDANT: Yes, sir, I did.
> THE COURT: Is the factual basis statement one hundred percent accurate in what it states?
> THE DEFENDANT: Yes, sir, Your Honor.

CR Doc. 46 at 14. The Court continued its questioning of Provancial as follows:

> THE COURT: If you were to present a plea to Count II today, would that plea be made voluntarily on your own part and on your own free will?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you had enough time to talk with Mr. Turner about your case and about what you should do here today?
> THE DEFENDANT: I did.
> THE COURT: Have you been fully satisfied with his counsel, advice and representation?
> THE DEFENDANT: Yes.

CR Doc. 46 at 15. Provancial then pleaded guilty to Count II, which charged that he had engaged and attempted to engage in a sexual act, contact between his penis and the vulva of the victim, "who at the time was incapable of appraising the nature of the conduct and was physically

4

incapable of declining participation in and communicating unwillingness to engage in the sexual act." CR Doc. 46 at 16; CR Doc. 1.

At the sentencing hearing on March 2, 2011, as stated previously, Provancial received a sentence of 108 months in the custody of the Bureau of Prisons, followed by supervised release of five years on certain terms and conditions. CR Doc. 34. Provancial argued on appeal that this Court improperly imposed a use-of-force enhancement under the United States Sentencing Commissions Guideline Manual and erred in commenting that Provancial had no employment history, when in fact he had worked for part of one summer prior to his arrest. The United States Court of Appeals for the Eighth Circuit affirmed the sentence. Provancial, 438 F. App'x 529.

Provancial filed a timely § 2255 motion alleging two grounds of relief: (1) ineffective assistance of counsel allegedly "because his attorney failed to fully investigate the case before advising him to plead guilty"; and (2) insufficient factual basis for his plea based on an alleged lack of the mens rea element under 18 U.S.C. § 2242(2) of knowing that the victim was incapacitated. CIV Doc. 1 at 4-5. After Provancial executed an attorney-client waiver, his trial counsel, Randall Briggs Turner, executed an affidavit. CIV Doc. 10. In the affidavit, Turner affirmed that he advised Provancial of the evidence furnished by the Government including Provancial's own confession, and discussed the options available to Provancial. CIV Doc. 10 at 2. Turner reviewed the evidence against Provancial and listened to Provancial's side of the story. After the Government made a plea offer to allow Provancial to plea to sexual abuse and to dismiss the greater charge of aggravated sexual abuse by force, Turner discussed the plea agreement proposal with Provancial and advised him that it was his choice whether to enter a plea or go to trial. Provancial chose to plead guilty. CIV Doc. 10 at 2-3.

II. **Discussion**

### A. Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Holder v. United States, 721 F.3d 979, 993 (8th Cir. 2013) (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)). "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Watson v. United States, 492 F.3d 960, 963 (8th Cir. 2007) (quoting Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)). Because the record convincingly refutes Provancial's assertions and shows conclusively that he is not entitled to relief, an evidentiary hearing is not necessary in this case.

### B. Provancial's Claims

#### 1. Ineffective Assistance of Counsel

Provancial's first claim in his § 2255 motion asserts ineffective assistance of counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), Provancial must meet a two-prong test in order to prevail on such a claim. Under the first prong, Provancial must demonstrate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To make such a showing, Provancial must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential." Id. "When reviewing counsel's performance, a court must avoid using the 'distorting effects of hindsight' and must evaluate the reasonableness of counsel's conduct 'from counsel's perspective

6

at the time.'" United States v. Carter, 629 F. Supp. 2d 934, 940 (D.S.D. 2009) (quoting Strickland, 466 U.S. at 689).

Under the second prong of Strickland, Provancial must demonstrate prejudice, by showing a reasonable probability that counsel's error altered the result of the proceeding. Strickland, 466 U.S. at 694. "To establish prejudice, [Provancial] must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Wong v. Belmontes, 558 U.S. 15, 19-20 (2009) (per curiam) (quoting Strickland, 466 U.S. at 694). When a defendant makes multiple claims of ineffective assistance of counsel, each claim must be independently examined to determine if there is prejudice, rather than taking the matters collectively. See Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). That is, the Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief." United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008). Thus, Provancial faces what the Supreme Court has characterized a "highly demanding" standard under Strickland. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). Provancial has not met that standard.

Provancial claimed that his counsel was ineffective for failing to investigate his case. CIV Doc. 1 at 4. Provancial asserts that an investigation would have shown that the victim engaged in sexual activity on the night in question prior to her encounter with Provancial. CIV Doc. 1. Provancial presents no evidence to support these contentions. Moreover, alleged prior sexual conduct by the victim likely would have been inadmissible at any trial, Fed. R. Evid. 412(a), and certainly does not provide Provancial license to sexually abuse the victim.

The record establishes that attorney Turner reviewed the investigation of the Government and went over it with Provancial. Included in that information was Provancial's confession to the crime. After discussion with Turner and receiving a plea offer to plead guilty to the lesser

7

of the two offenses charged in the indictment, Provancial agreed to plead guilty. When a defendant who has pleaded guilty seeks to assert ineffective assistance of counsel, such an individual "must show that, if not for counsel's errors, 'he would not have pleaded guilty [but] would have insisted on going to trial.'" United States v. Lockstein, 859 F.2d 82, 83 (8th Cir. 1988) (per curiam) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). Provancial has made no such showing.

In addition, Provancial's assertion that his counsel provided ineffective assistance of counsel is rebutted by Provancial's testimony during the change of plea hearing. Twice during the change of plea hearing, Provancial confirmed satisfaction with his attorney's representation and advice. CR Doc. 46 at 4-5, 15. A defendant who testifies at a change of plea hearing that he was satisfied with his attorney's representation cannot later claim that the plea was involuntary due to failure of that same attorney to investigate the case. United States v. Hughes, 16 F.3d 949, 951 (8th Cir. 1994). Provancial cannot make a showing under Strickland of any error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Provancial also cannot satisfy the second prong of Strickland of a reasonable probability that counsel's errors altered the result of the proceeding. Id. at 694. After all, Provancial had confessed to the crime. The information about the victim's claimed prior sexual activity likely was inadmissible and certainly not a defense to justify Provancial sexually abusing the victim. Provancial's ineffective assistance of counsel claim in his § 2255 motion fails.

2. **Lack of Adequate Factual Basis**

Provancial's second argument in his § 2255 motion is that there was no adequate factual basis to support his adjudication of guilt as to the sexual abuse charge, because, according to

8

Provancial, the Court failed to make a determination that the defendant possessed the necessary mens rea element of knowing that the victim was incapacitated. Provancial's argument comes on the heels of a recent en banc decision of the United States Court of Appeals that resolved a split between two Eighth Circuit panels. On the same day in 2012, two separate panels of the United States Court of Appeals for the Eighth Circuit issued irreconcilable decisions on whether the word "knowingly" as used in 18 U.S.C. § 2242(2) extends to the element that the victim be "incapable of appraising the nature of the conduct . . . or . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." See United States v. Rouillard, 701 F.3d 861, 865 (8th Cir. 2012), vacated, reh'g en banc granted March 4, 2013; United States v. Bruguier, 703 F.3d 393, 399-401 (8th Cir. 2012), vacated, reh'g en banc granted March 4, 2013. Last year, the United States Court of Appeals for the Eighth Circuit, en banc, decided that the "knowingly" language in § 2242(2) applies both to a defendant knowingly engaging in a sexual act and knowing that the victim was "incapable of appraising the nature of the conduct" or "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." United States v. Bruguier, 735 F.3d 754, 763 (8th Cir. 2013) (en banc) (quoting 18 U.S.C. § 2242(2)).

Provancial did not raise the issue in his direct appeal of whether the factual basis statement was sufficient to support his conviction nor in his criminal case before this Court. A § 2255 motion, of course, is not a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). Rather, relief under § 2255 is available only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Even if it were proper to consider Provancial's argument about an insufficient factual basis at this time on a § 2255 motion, the factual basis statement that Provancial signed and acknowledged under oath to be "one hundred percent accurate" establishes that he knew his victim to have been incapable of consenting at the time of his sexual abuse of her. CR Doc. 46 at 14; CR Doc. 25. That factual basis statement, among other things, stated:

> The defendant went to his room and saw [the victim] passed out and naked on his bed. He tried to wake her, but could not . . . The defendant stated that he pulled down his pants, got on top of [the victim] while she was passed out, and put his penis in her vagina.

CR Doc. 25 at 1-2. The factual basis statement also contained the statement:

> The defendant provided a handwritten statement, admitting that he had sex with [the victim] without her consent, while she was passed out.

CR Doc. 25 at 2. During his change of plea hearing, the Court asked Provancial, who was under oath at the time, whether he had carefully read and understood the factual basis statement and whether he had gone over it with his attorney before signing it. Provancial responded that he had. CR Doc. 46 at 14. The Court then asked:

> THE COURT: Is the factual basis statement one hundred percent accurate in what it states?
> THE DEFENDANT: Yes, sir, Your Honor.

CR Doc. 46 at 14. The factual basis statement supported an adjudication of Provancial's guilt of sexual abuse and further supported that Provancial knowingly engaged in the sexual abuse at a time when he knew the victim to be passed out and incapable of consenting. CR Doc. 25. Thus, the second ground in Provancial's § 2255 motion lacks merit.

### III.   Conclusion

For the reasons contained herein, it is hereby

10

ORDERED that Provancial's motion to vacate, set aside, or correct sentence by a person in federal custody, Doc. 1, is denied. It is further

ORDERED that the Government's motion to dismiss, Doc. 13, is granted. It is further

ORDERED that no certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts will issue. It is finally

ORDERED, ADJUDGED AND DECREED that Judgment of Dismissal in favor of the Government and against Provancial under Rules 54 and 58 of the Federal Rules of Civil Procedure hereby enters.

Dated February 26th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE